PROVIDENCE, R.I., March 2, 1903.
To His Excellency, Lucius F.C. Garvin, Governor of the State of Rhode Island and Providence Plantations.
We have received from your excellency the following question:
"Are the provisions for the election of school committee in the city of Woonsocket, contained in clause 2 of section 12 of chapter 728 of the Public Laws, passed June 13, A.D., 1888, in conflict with section 1 of article VII of the amendments to the constitution of the State?"
The clause of the charter of the city of Woonsocket referred to provides that the city council shall elect members of the school committee of that city.
Article VII, section 1, of the amendments to the constitution of the State provides for the qualification of electors, and that they "shall have a right to vote in the election of all civil officers and on all questions in all legally organized town or ward meetings." *Page 630 
We assume, therefore, that the point of inquiry is whether the right to vote for all civil officers is so far guaranteed to electors as to render an election by any other body a violation of the terms of that article.
There can be no doubt that members of a school committee are civil officers.
The question then, is, do the words imply that every elector has the right to vote for all civil officers, so that all civil officers must be chosen by a vote of the people?
Neither the words themselves nor the practice under them carry a necessary implication to that effect. The words are not "a right to vote for all civil officers," but "in the election of all civil officers," in town or ward meetings. They are entirely consistent with the interpretation that they give to all electors the right to vote for all officers who are to be so elected by the people under the constitution or by law, other than those specially excepted.
This was the interpretation given to the same words then, in article II, section 2, of the constitution, immediately after the adoption of the constitution; for at the first session of the General Assembly under it an act was passed that in case any town shall, on the day of any such annual election, fail to elect any of the officers which they may lawfully choose (except town clerk, council, justices of the peace, and treasurer), the said officers shall be elected by the town council of the town at their next meeting; and the several towns shall have full power to delegate to their respective councils the election of any of the officers, except as above. This was a provision by law for certain elections other than by the people. May session, 1843, p. 5.
In Public Laws 1844, the first, digest after the constitution, the act relating to the election of town officers, p. 300, provides that the electors shall annually "choose and elect so many town officers as by the laws of this state are or shall be required," a provision which goes back to the digest of 1719, and which has continued to the present time. It clearly implies that the electors are to elect only such officers as are required by law to be so elected. In the same digest, p. 103, it was enacted: *Page 631 
"The general assembly may elect so many justices of the peace for any town as they shall think proper, in addition to those elected by such town."
In 1839, Public Laws, p. 1092, it was provided: "In the city of Providence the school committee shall be elected by the city council at the commencement of the municipal year." This was continued in force by the school act of June, 1845, and remained the law for the city down to January, 1854, p. 1060, when it was changed to the election of fourteen members of the school committee by the people, fourteen by the council, and two exofficio. January, 1859, the election of all members was given to the people. From the time of the adoption of the constitution to the present time the office of commissioner of public schools, quite as much a civil office as that of member of a school committee, and far more important, has been filled by the governor's appointment, and in recent years by the State Board of Education. During all this time civil officers have been elected constantly by the General Assembly, by town and city councils, and appointed by the governor, who would have had no title to their offices if the provision required an election by the people in all cases. The General Assembly has uniformly elected sheriffs, clerks of court, justices of the peace, notaries public, state auditor, insurance commissioner, and numerous others, without a question as to the legality of the procedure.
Evidently the constitution has not been understood to guarantee a right to every elector to vote for every civil officer. The course of legislation and practice of election, which we have noted, have been both a contemporaneous and continuous interpretation that the right to vote for all civil officers means "officers as by the laws of this state are or may be required." It recognizes the right of electors to vote for all officers, who are to be elected by the people, except as provided, but it does not require that electors shall vote for all officers whose election, under the law, is not to be made by the people.
We must either say that the constitution allows the General Assembly to provide by law for some elections by civil officers by itself, by councils, or by the governor; or else that it requires *Page 632 
all such elections to be made by popular vote. This latter view has never been held in this State, and we do not understand that it is claimed to be so by anyone. The suggestion presented to us, in behalf of citizens of Woonsocket, is this: that the registry voters have a right in the constitution to vote for all civil officers; except members of a city council; hence, when the city council elect the school committee, the registry voters are thereby deprived of any part in their election, either directly or by representation. It is true that an election by a city council operates in this way; but the question before us is one of constitutionality, not of policy. If the right to vote for all civil officers, other than city council, carries a right to vote for school committee, then it carries the right to vote for all other officers that are elected by a city council. To so construe the provision, and to require all the numerous officers now chosen by town and city councils to be elected by the people, would be contrary to the unbroken custom since the constitution was adopted, and contrary to the accepted and unquestioned meaning of its terms during all that time. It would practically declare that all the administrative officers, for more than half a century, have been illegally elected. We do not think that it was ever intended to require all civil officers to be elected by the people, for it would be impracticable. Custom and reason unite in showing that it was not so. If not, then it applies, as the law in this State has always provided, to such "officers as by the laws of this State are or shall be required."
It is argued that if this construction be given it will allow elections to be withdrawn from the people. The question is not what may be done; but what the constitution requires. It requires certain officers to be elected by the people. It does not require other officers to be so elected. These are to be provided for by law. If unsatisfactory laws are made, the presumption is that the people will choose legislators who will make a change. It is urged that the opinion In re Newport Charter, 14 R.I. 655, supports the right of registry voters to vote in the election of all civil officers. Undoubtedly it does; but the question there raised was very different from this one. *Page 633 
In that case the General Assembly had amended the charter of Newport by providing that only taxpayers should vote for the city council. As the constitution, at that time, confined that limitation to the city of Providence, it was clear that it could not be extended by the legislature. The charter of Woonsocket, relating to the election of school committee, violates no provision of the constitution, and is sustained by the practice under it. We therefore answer the question, proposed to us by your excellency, in the negative.
 JOHN H. STINESS, PARDON W. TILLINGHAST, GEORGE A. WILBUR, WILLIAM W. DOUGLAS, EDWARD C. DUBOIS, JOHN T. BLODGETT.
 *Page 1